IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| ALEXANDRIA PHELPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:11-cv-6078-DGK |
| | ) | |
| CITY OF KANSAS CITY, MISSOURI, | ) | |
| DOYLE McCOLLUM, and | ) | |
| JOHN DAVENPORT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER SUBSTITUTING THE UNITED STATES OF AMERICA FOR DEFENDANT JOHN C. DAVENPORT, DISMISSING THE UNITED STATES FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, AND STAYING THE LITIGATION

This case arises out of a collision between a car and an airport bus operated by Defendant City of Kansas City, Missouri, that occurred on March 10, 2010. The bus was driven by Defendant Doyle McCollum ("McCollum"), and the car was driven by Defendant John Davenport ("Davenport"), an employee of the Internal Revenue Service ("IRS"). Plaintiff Alexandria Phelps, a passenger on the bus, alleges she was injured as a result of careless and negligent driving by McCollum and Davenport.

Plaintiff filed suit in the Circuit Court of Platte County, Missouri on July 7, 2011. On August 22, 2011, the United States Attorney for the Western District of Missouri certified that Davenport was acting within the scope of his employment when the accident occurred, thus bringing this case under the jurisdiction of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The lawsuit was removed to this Court on August 22, 2011.

Now before the Court is Davenport's "Motion to Substitute the United States of America for Defendant John C. Davenport and the United States of America's Motion to Dismiss for Failure to Exhaust Administrative Remedies" (doc. 3), Plaintiff's Suggestions in Opposition

(doc. 8), and Davenport and the United States reply (doc. 9). Also before the Court is Defendants City of Kansas City, Missouri and Doyle McCollum's separate response (doc. 12) in which they request that the Court stay the litigation if the motion to dismiss is granted.[1]

In its motion, the United States contends that since the U.S. Attorney certified that Davenport was acting within the scope of his employment at the time of the accident, the United States must be substituted for Davenport as a defendant. It also argues that a lawsuit against the United States under the FTCA is Plaintiff's exclusive remedy for her claim against Davenport, and that as a prerequisite for the Court to hear this claim, the claim must be presented to the IRS for exhaustion of administrative remedies. Because Plaintiff never presented her claim to the IRS, this lawsuit must be dismissed without prejudice. That said, the United States notes that if Plaintiff files an administrative claim with the IRS, it should be resolved at the administrative level within six months. If it is not, then by law she can re-file the present lawsuit.

Plaintiff Phelps does not deny that the United States must be substituted for Davenport, or that the FTCA contains a requirement that she exhaust her administrative remedies before filing suit. Instead, she contends that when she filed suit she did not know, and had no way of knowing, that at the time of the accident Davenport was a federal employee acting within the scope of his employment. She contends this fact was disclosed to her only after she filed suit, approximately eighteen months after the accident, and because Davenport did not disclose this information earlier and she had no way of otherwise knowing it, Davenport essentially lulled her into not filing an administrative complaint. She asks that the Court apply equitable principles and estop the United States and Davenport from requiring her to exhaust her administrative

---

[1] Although captioned "Defendants City of Kansas City, Missouri and Doyle McCollum's Joint Response to Davenport's Motion to Dismiss," the filing is better described as a motion. It requests that in the event the Court grants the United States' motion to dismiss, the Court stay the litigation.

2

remedies before proceeding with this lawsuit. In the alternative, she asks the Court to stay this litigation while she pursues her remedies at the agency level.

In its reply, the United States argues that the issue is jurisdictional and cannot be waived, but has no objection to the litigation being stayed once it has been dismissed and her claim is being administratively reviewed.

Although the Court is sympathetic to Plaintiff's predicament, the Court has no choice but to grant the United States' motion. There is no dispute here that the IRS is a federal agency, that Davenport is an employee of a federal agency entitled to the protections afforded by the FTCA, or that the United States Attorney has certified that Davenport was acting within the scope of his employment at the time the accident occurred. Consequently, the United States must be substituted for Davenport as a defendant. 28 U.S.C. § 2679.

The Court also notes that "[t]he federal courts have jurisdiction over claims under the FTCA only to the extent that the United States has waived its sovereign immunity." *T.L., ex rel. Ingram v. United States*, 443 F.3d 956, 959 (8th Cir. 2006). Since exhaustion of administrative remedies is a condition of the United States' waiver of sovereign immunity under the FTCA, it is jurisdictional and cannot be waived. *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 457 (3rd Cir. 2010). There is no dispute that Plaintiff has failed to exhaust her administrative remedies against the United States (Davenport), thus this Court does not presently have jurisdiction over that portion of this controversy, and Plaintiff's claims against the United States (Davenport) must be dismissed. Accordingly, the motion to substitute and dismiss (doc. 3) is GRANTED.

Finally, because all of the remaining parties have requested that the litigation be stayed, and the Court finds a stay would improve judicial economy, Defendants City of Kansas City, Missouri and Doyle McCollum's motion (doc. 9) is GRANTED. This case is stayed until

August 9, 2012, or until further order of the Court. The parties shall file a joint status update every ninety days.

    **IT IS SO ORDERED.**

Date:  February 7, 2012                          /s/ Greg Kays
                                                                     GREG KAYS, JUDGE
                                                                       UNITED STATES DISTRICT COURT